UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | |
|---|---|
| Bella Forrest Publishing LLC<br><br>                Plaintiff<br><br>v.<br><br>Amber Murphy<br><br>                Defendant | Civil Action No. 4:24-cv-982 |

### PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Bella Forrest Publishing LLC ("BFP") acquired a comprehensive intellectual property portfolio to monetize throughout the United States. This portfolio includes over 170 books and derivative works, with a majority of these works registered with the United States Copyright Office. Additionally, BFP obtained the federally registered BELLA FORREST and NIGHTLIGHT PRESS trademarks, along with all associated goodwill, domain names, and related digital identifiers (collectively, with the copyrights mentioned above, the "Bella Forrest Assets"). These transactions have been duly recorded with the United States Copyright Office and the United States Patent & Trademark Office ("USPTO").

Defendant Amber Murphy now claims she is the lawful owner of all of the Bella Forrest Assets. She further states that BFP has a "fraudulent origin of the rights" and that monetizing the Bella Forrest Assets "exposes [BFP] to subsequent money laundering offences." Murphy further states that BFP's lawful purchase does not "remove [BFP's] exposure given the fraudulent nature of this matter" and that BFP's "current exposure to legal risk . . . is substantial" and that BFP can be expecting "progression of proceedings."

Faced with a credible and immediate legal threat, BFP seeks a declaratory judgment that it is the lawful owner of the Bella Forrest Assets.

## PARTIES

1.      Plaintiff Bella Forrest Publishing LLC is a Delaware limited liability company with a principal place of business at 1175 Shaw Avenue, Suite 104, Clovis, California 93612.

2.      Defendant Amber Murphy is, on information and belief, an individual with an address at 11 Farrington Avenue, Bushey, WD23 3DG, United Kingdom.

## JURISDICTION & VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claims arise under the laws of the United States, specifically the Copyright Act, 17 U.S.C. § 101 *et seq.*, and the Lanham Act, 15 U.S.C. § 1051 *et seq.* The Court further has jurisdiction pursuant to 28 U.S.C. § 1338(a) as the action involves rights in registered United States copyrights and trademarks. Additionally, this Court may declare the rights and legal relations of the parties pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

4.      This Court has personal jurisdiction over Murphy under Federal Rule of Civil Procedure 4(k)(2), which allows for jurisdiction over a defendant not subject to any state's general jurisdiction, where claims arise under federal law, and where jurisdiction comports with the United States Constitution. Murphy, on information and belief, is a resident of the United Kingdom, and her direct threats against BFP create sufficient minimum contacts with the United States as a whole because her communications are specifically targeted to impede BFP's exercise of intellectual property rights under U.S. law and to inhibit BFP's ability to monetize the Bella Forrest Assets within the United States.

5.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c). Murphy is a foreign defendant not residing in the United States, and is subject to personal jurisdiction in any judicial district—including in this District.

## THE BELLA FORREST ASSETS CHAIN OF TITLE

6.     On December 22, 2022, Hot Pancakes Ltd., the original owner of the Bella Forrest Assets, finalized a global intellectual property assignment agreement (Exhibit A) with Mescolanza LLC, a Wyoming limited liability company ("Mescolanza"). As of that date, Mescolanza was the lawful owner of the Bella Forrest Assets, with recorded assignments in the Copyright Office (Exhibit B) and in the USPTO (Exhibit C).

7.     On April 11, 2023, and May 3, 2023, Mescolanza finalized trademark and copyright assignment agreements (Exhibit D) with Enkido Industries LLC, a New Mexico limited liability company ("Enkido"). On those dates, Enkido was the lawful owner of the Bella Forrest Assets, with recorded assignments in the Copyright Office (Exhibit E) and in the USPTO (Exhibit F).

8.     December 29, 2023, Enkido finalized a global intellectual property assignment agreement (Exhibit G) with BFP. As of that date, BFP was the lawful owner of the Bella Forrest Assets, with recorded assignments in the Copyright Office (Exhibit H) and in the USPTO (Exhibit I).

## THE PRESENT DISPUTE

9.     Since lawfully acquiring ownership of the Bella Forrest Assets, BFP has been actively promoting and selling the works subject to the Bella Forrest Assets in partnership with Barnes & Noble and through its website, bellaforrest.com.

10.     In July 2024, Murphy, by way of counsel, requested that BFP provide documentation demonstrating ownership of the Bella Forrest Assets. On July 31, 2024, in good faith, BFP directed Murphy's counsel to the public copyright and trademark records, and further provided a copy of the relevant Asset Purchase Agreement. Exhibit J.

11.     Despite this, on August 5, 2024, Murphy sent an email to BFP stating that BFP has a "fraudulent origin of the rights" and that monetizing the Bella Forrest Assets "exposes [BFP] to

subsequent money laundering offences." Exhibit K. Murphy further relayed to BFP that its lawful

purchase does not "remove [BFP's] exposure given the fraudulent nature of this matter" and that

BFP's "current exposure to legal risk . . . is substantial." *Id*. Murphy then advised BFP that it had

"until August 19th, 2024" to transfer the Bella Forrest Assets to Murphy, otherwise, BFP should be

expecting "progression of proceedings." *Id*.

12.     Faced with this credible and immediate legal threat, which on its face is both "current" and

"substantial," BFP has no option but to seek a declaratory judgment from this Court as to its rights in

and to the Bella Forrest Assets under United States copyright and trademark law.

<u>**COUNT ONE**</u>
<u>**BFP'S COPYRIGHT OWNERSHIP OF THE BELLA FORREST ASSETS**</u>
<u>**(17 U.S.C. § 101 *et seq.*)**</u>

13.     BFP realleges the allegations above as if fully set forth here.

14.     This is a declaratory judgment action under the United States Copyright Act of 1976, 17 U.S.C.

§ 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

15.     To establish standing in a declaratory judgment suit, the plaintiff must allege facts that

demonstrate the existence of "a substantial controversy, between parties having adverse legal interests,

of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Vantage*

*Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009); citing *MedImmune, Inc. v. Genentech,*

*Inc.*, 549 U.S. 118, 127 (2007).

16.     An actual justiciable controversy exists by way of Murphy's concrete, real, substantial, and

credible threat of immediate litigation and demand to transfer ownership of BFP's lawfully-acquired

copyright registrations.

17.     Murphy has explicitly and improperly threatened legal action against BFP, despite a clear and

recorded chain of title in the Copyright Office and full compliance with federal copyright law. This

threat adversely impacts BFP's ability to monetize its lawfully acquired intellectual property and creates a reasonable apprehension that Murphy may file a copyright infringement suit against BFP.

18.     Ownership of a copyright certificate of registration constitutes prima facie evidence that "the copyright is valid and that the registrant owns the copyright." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004); *see also* 17 U.S.C. § 410.

19.     No challenge to ownership of the Bella Forrest Assets has ever been recorded in the Copyright Office, and the copyright registration records covering the Bella Forrest Assets list BFP as the owner. Exhibit H. BFP has therefore established prima facie evidence that the copyright registrations in the Bella Forrest Assets are valid, and that BFP is the proper owner.

20.     There is currently no evidence sufficient to overcome the presumption of validity of the Bella Forrest Assets or BFP's ownership of the associated copyrights.

21.     BFP therefore respectfully requests an order declaring that BFP is the lawful owner of the copyright registrations in the Bella Forrest Assets. Exhibit H.

## <u>COUNT TWO</u><br><u>BFP'S TRADEMARK OWNERSHIP OF THE BELLA FORREST ASSETS</u><br><u>(15 U.S.C. § 1051 *et seq.*)</u>

22.     BFP realleges the allegations above as if fully set forth here.

23.     This is a declaratory judgment action under the Lanham Act, 15 U.S.C. § 1051 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

24.     To establish standing in a declaratory judgment suit, the plaintiff must allege facts that demonstrate the existence of "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Vantage Trailers*, 567 F.3d at 748; citing *MedImmune*, 549 U.S. at 127 (2007).

25.     An actual justiciable controversy exists by way of Murphy's concrete, real, substantial, and

credible threat of immediate litigation and demand to transfer ownership of BFP's lawfully-acquired trademark registrations.

26.     Murphy has explicitly and improperly threatened legal action against BFP, despite a clear and recorded chain of title in the USPTO and full compliance with federal trademark law. This threat adversely impacts BFP's ability to monetize its lawfully acquired intellectual property and creates a reasonable apprehension that Murphy may file a trademark infringement suit against BFP.

27.     Federal trademark registrations in the USPTO are presumed valid, for "[a] certificate of registration of a mark upon the principal register . . . shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, of the owner's ownership of the mark, and of the owner's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate." 15 U.S.C. § 1057(b); *see also Cervejaria Petropolis SA v. Ambev S.A.*, 787 F. App'x 727, 728 (Fed. Cir. 2019).

28.     No challenge to ownership of the Bella Forrest Assets has ever been recorded in the USPTO, and the trademark registration records covering the Bella Forrest Assets list BFP as the owner. Exhibit I. BFP has therefore established prima facie evidence that the trademark registrations in the Bella Forrest Assets are valid, and that BFP is the proper owner.

29.     There is currently no evidence sufficient to overcome the presumption of validity of the Bella Forrest Assets or BFP's ownership of the associated trademarks.

30.     BFP therefore respectfully requests an order declaring that BFP is the lawful owner of the trademark registrations in the Bella Forrest Assets. Exhibit I.

## **PRAYER FOR RELIEF**

WHEREFORE, BFP respectfully requests that the Court enter judgment in its favor and grant the following relief:

a.      a declaration affirming BFP as the lawful owner of the materials specified in the December 29, 2023 assignment, recorded with the United States Copyright Office under Recordation Record V15021D594;

b.      a declaration affirming BFP as the lawful owner of the BELLA FORREST trademark (USPTO Registration No. 4446594) and the NIGHTLIGHT PRESS trademark (USPTO Registration No. 5689362);

c.      an order permanently enjoining Amber Murphy from further disputing or threatening BFP's ownership of the Bella Forrest Assets; and

d.      any other relief the Court deems just and proper to protect BFP's lawful rights and interests.

Dated: November 4, 2024                         Respectfully submitted,

**Scale LLP**

By: _/s/ Charles Wallace_
James H. Creedon
Texas Bar No. 24092299
Charles A. Wallace
Texas Bar No. 24110501
5473 Blair Road, Suite 100
Dallas, Texas 75231
Tel. 415.735.5933
Fax 415.573.0983
jcreedon@scalefirm.com
cwallace@scalefirm.com

ATTORNEYS FOR PLAINTIFF
BELLA FORREST PUBLISHING LLC