UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BELLA FORREST PUBLISHING LLC,<br>    *Plaintiff,*<br><br>v.<br><br>AMBER MURPHY,<br>    *Defendant.* | CIVIL ACTION NO. 4:24-cv-00982-ALM |

**DEFENDANT'S MOTION TO ABATE DEADLINES AND STAY CASE**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Amber Murphy ("Murphy") respectfully files this Motion to Abate Deadlines and Stay Case and would show the Court as follows:

**I.   Relevant Procedural and Factual History**

This case arises from Plaintiff Bella Forrest Publishing's ("BFP") purported purchase of rights to novels that Murphy created under the Bella Forrest pen name. BFP contends that it bought rights to the Bella Forrest enterprise from Enkido Industries, which itself purported to purchase those rights, through a series of transactions, from Hot Pancakes Limited ("HPL"), a Cypriot entity for which Murphy is the ultimate beneficial owner. Carlo Scevola (who is a member of BFP) fraudulently orchestrated that first purported sale. BFP's other members, wittingly or unwittingly, are the latest actors in Scevola's long running campaign to wrest control of the Bella Forrest enterprise from Murphy.[1]

---

[1] Given that BFP made Scevola a member of BFP and that it contends it purchased these assets for only $250,000 (and some contingent future payments), even though they annually generated millions of dollars, suggests that BFP may be aware of Scevola's fraudulent endeavor. At best for BFP, it must have known that Scevola's transactions were not on the up-and-up, given the bargain basement price BFP paid for these valuable assets. But those questions need not be resolved here.

Defendant Murphy filed a Motion to Dismiss based upon, *inter alia*, lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). [2] As further explained in her declaration in support of the Motion, Murphy has never visited the United States and has no jurisdictionally relevant contacts with the United States. Murphy further contended that BFP failed to establish even a *prima facie* case of personal jurisdiction against her. That Motion is now fully briefed and awaits the Court's resolution. [*See* Dkt. 22, 24, and 25].

The Parties have exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(b), and Murphy has produced thousands of pages of initial disclosure documents. This Court's scheduling order, however, includes upcoming deadlines for mediation by October 9, 2025 and discovery on October 24, 2025. [Dkt. 28]. Last week BFP, which never sought any jurisdictional discovery, emailed merits-based interrogatories and requests for production of documents to the undersigned counsel (which was ineffective, as no written agreement for email service was in place as required by Fed. R. Civ. P. 5(b)(2)(E)). BFP also just last week requested Murphy's deposition.

As articulated in Murphy's declaration in support of her pending Motion, defending against this lawsuit—particularly when pending litigation in Switzerland or The Bahamas will resolve the central question of this dispute—in the United States is extraordinarily burdensome to Murphy. [*See* Dkt. 22-1 ¶ 31].

---

[2] The Motion also argues that given the various international cases litigating the issue of Murphy's ownership over the Bella Forrest IP, the case should be dismissed on *forum non conveniens* grounds. The Motion further contends that the First Amended Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). [Dkt. 22].

**II.     Argument**

Murphy requests that this Court stay all remaining deadlines in this case until the threshold determination of personal jurisdiction can be heard.[3] This Court has broad discretion to stay pending resolution of the personal jurisdiction issue. *Petrus v. Bowen*, 833 F.2d 581,583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."). In reversing a district court's denial of a motion to compel arbitration prior to considering a personal jurisdiction challenge, the Fifth Circuit recently emphasized the importance of determining threshold jurisdictional issues prior to considering the merits of a dispute. *See Hines v. Stamos*, 111 F.4th 551, 564 (5th Cir. 2024) ("It is axiomatic 'that a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction.'") (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007)).[4]

"District courts typically consider three factors when determining whether to grant a stay: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *System Stormseal PTY LTD. v. SRS Distrib., Inc.*, No. 2:23-CV-00391-JRG, 2024 WL 1995432, at *3 (E.D. Tex., May 6, 2024) (cleaned up). "Based on these factors, courts

---

[3] Dismissal of BFP's Lanham Act claims—which BFP appears to have asserted not because Murphy has violated the Lanham Act, but rather in an effort to establish federal question jurisdiction—would deprive this Court of subject matter jurisdiction.

[4] This Court may always stay discovery for "good cause" under Federal Rule of Civil Procedure 26(c)(1) especially when resolving a motion to dismiss might preclude the need for discovery or when discovery would impose an undue burden or expense, all factors present here. *Williams v. Tara Ventures, Inc.*, 2024 U.S. Dist. LEXIS 158293, at *2 (E.D. Tex. 2024).

determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

### A. A Stay Will Not Unduly Prejudice BFP

Murphy anticipates that BFP will argue that it will be prejudiced by a stay because it has been unable to monetize the Bella Forrest Assets. Setting aside that Scevola, HPL, and all of the other entities involved in the purported transfer of those assets had no authority to sell the Bella Forrest Assets—and that other litigation outside of the United States regarding these assets has been underway for five years—BFP's anticipated claim of undue prejudice is not well taken. Despite initiating this case eleven months ago, BFP refrained from attempting to initiate discovery until less than a week ago. And when it attempted to initiate discovery, it failed to serve Murphy's counsel. That discovery is now too late. BFP should not be heard to complain of unfair prejudice due to a short delay when it has done nothing for so long.

In contrast, proceeding with remaining pre-trial events prior to resolution of her motion to dismiss will severely prejudice Murphy. Murphy has already testified regarding the hardship and expense this case is imposing, especially given the related litigation abroad. [Dkt. 22-1].

Further, any upcoming mediation is unlikely to be productive until Murphy's pending motion to dismiss is resolved. Continuing this case while the motion to dismiss remains unresolved will waste party resources. Additionally, staying this matter will conserve judicial resources, as Murphy anticipates that BFP will try to argue that its discovery was timely and properly served.

**B.     The Stage of Proceedings Favors a Stay**

Although this case was filed nearly a year ago, other than Murphy's motions to dismiss, almost nothing has occurred.[5] Despite BFP obtaining an order to take expedited discovery from Amazon half a year ago, according to BFP's lawyers Amazon has produced nothing to date. Other than initial disclosures, no party discovery has occurred. No trial date has been set. [Dkt. 28]. Accordingly, this factor strongly supports a stay.

**C.     A Stay Will Likely Result in Simplifying the Case**

Murphy's motion to dismiss is likely to dispose of or simplify this case.

There are two ways Murphy's motion could entirely dispose of this case. First, this Court lacks personal jurisdiction over Murphy. [*See* Dkt. 22 at 9-19]. Alternatively, BFP has failed to state plausible claims for trademark infringement or false designation of origin. *See id.* at 22-24. If the Court concludes that it has personal jurisdiction over Murphy, BFP's Lanham Act claims must be dismissed for failure to state a claim. *Id.* When that happens, the Court will lack subject matter jurisdiction over the remaining claim. *See id.* at 24-29. Accordingly, a stay is highly likely to simplify the case by dismissal before the further expenditure of judicial and party resources.

**III.     Conclusion**

For the foregoing reasons, Murphy requests that the Court stay the remaining deadlines in this case.

---

[5] Murphy has had to file two motions to dismiss in this case. [Dkt. 13 and 22]. Apparently after recognizing that this Court lacked subject matter jurisdiction over the claims in its original complaint, BFP manufactured (with nothing more than speculation, as implicitly admitted in its Motion for Expedited Discovery to Amazon) Lanham Act claims in an attempt to keep this matter in this Court.

Respectfully submitted,

By: */s/ Janet Guggemos Garza*
    Janet Guggemos Garza
    Texas State Bar No. 24032379
    SCHIRRMEISTER DIAZ-ARRASTIA BREM LLP
    Pennzoil Place – South Tower
    711 Louisiana Street, Suite 1750
    Houston, TX 77002
    Telephone: (713) 221-2500
    Facsimile: (713) 221-2525
    Email: jgarza@sdablaw.com

-and-

Jeremy Roller
*Admitted Pro Hac Vice*
ARÊTE LAW GROUP PLLC
600 University Street, Suite 2420
Seattle, WA 98101
Telephone: (206) 428-3250
Email: jroller@aretelaw.com

**ATTORNEYS FOR DEFENDANT AMBER MURPHY**

CERTIFICATE OF CONFERENCE

    This is to certify that on September 26, 2025, Jeremy Roller and I conferred with James Creedon and Charles Wallace, counsel for Plaintiff Bella Forrest Publishing LLC, regarding the relief requested by this motion, specifically whether the remaining pre-trial deadlines should be abated pending resolution of Amber Murphy's motion to dismiss. The parties complied with the meet and confer requirement in Local Rule CV-7(h) in good faith. Plaintiff Bella Forrest Publishing LLC opposes the motion.

    */s/ Janet Guggemos Garza*
    Janet Guggemos Garza

CERTIFICATE OF SERVICE

    This is to certify that on September 29, 2025, a true and correct copy of the foregoing document was served pursuant to FED. R. CIV. P. 5(d) via the Court's CM/ECF electronic filing system to all known counsel of record.

    */s/ Janet Guggemos Garza*
    Janet Guggemos Garza

4903-3711-3708, v.1