# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| BELLA FOREST PUBLISHING, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | Civil Action No. 4:24-cv-982 |
| | § | Judge Mazzant |
| AMBER MURPHY, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORADUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Abate Deadlines and Stay Case (the "Motion") (Dkt. #31). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

The instant case is a declaratory judgment action under the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq* (Dkt. #17). On March 28, 2025, Defendant filed her Motion to Dismiss under Rules 12(b)(1), (2), and (6) arguing the following: (1) the Court should dismiss Plaintiff's claims for lack of personal jurisdiction; (2) in the alternative, the Court should dismiss the case on *forum non conveniens* grounds; (3) in the alternative, Plaintiff has failed to state plausible claims for trademark infringement or false designation of origin; and (4) if the Court dismisses Plaintiff's trademark infringement and false designation of origin claims, the Court should dismiss Plaintiff's remaining claims for lack of subject matter jurisdiction (Dkt. #22). The Court has set a hearing on Defendant's Motion to Dismiss for November 7, 2025 (Dkt. #33).

On September 29, 2025, Defendant Amber Murphy ("Defendant") filed the instant Motion (Dkt. #31), urging the Court to stay all remaining deadlines under the May 27, 2025 Scheduling Order (Dkt. #28) until the threshold determination of personal jurisdiction is decided (Dkt. #31 at p. 3). On October 6, 2025, Plaintiff filed its Response (Dkt. #34). The most relevant deadline at issue that would be affected by the instant Motion is the discovery deadline (Dkt. #28).

## LEGAL STANDARD

A court has discretion to stay discovery for good cause. FED R. CIV. P. 26(c). While discovery may be stayed pending the outcome of a motion to dismiss, the issuance of a stay is by no means automatic. *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, No. 3-08-CV-0774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008) (citation modified). Further, under Local Rule 26(a), "[e]xcept in cases involving qualified immunity or a court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss, to remand, or to change venue." E.D. TEX. CIV. R. 26(a).

## ANALYSIS

The Court declines to abate any deadlines and stay the case merely because Defendant believes it will prevail on her Motion to Dismiss (Dkt. #22). In the Motion to Dismiss set for hearing, Defendant primarily argues the Court lacks personal jurisdiction and in the alternative that, the case should not be before the Court based on *forum non conveniens* grounds (Dkt. #22 at pp. 9–22). These arguments suggest to the Court that, if not here, the instant case will proceed somewhere, meaning discovery will not be futile and it will not unduly prejudice Defendant as she suggests (Dkt. #31 at p. 4). For Defendant to suggest that there will be no delay or prejudice to

2

Plaintiff if all discovery is stayed while the Court considers her Motion to Dismiss is, at the very least, disingenuous. For these reasons, Defendant's Motion is denied.[1]

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Abate Deadlines and Stay Case (Dkt. #31) is hereby **DENIED**.

**IT IS SO ORDERED.**
**SIGNED** this 8th day of October, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1] If Plaintiff wishes to challenge objections asserted by Defendant to written discovery or depositions requests, Plaintiff may file an appropriate motion with the Court.