# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| BELLA FORREST PUBLISHING LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | Civil Action No. 4:24-cv-982 |
| | § | Judge Mazzant |
| AMBER MURPHY, | § | |
| | § | |
| *Defendant.* | § | |

## <u>MEMORADUM OPINION AND ORDER</u>

Pending before the Court is Defendant Amber Murphy's Motion to Dismiss (the "Motion") (Dkt. #22). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **GRANTED**.

## BACKGROUND

The instant case is a declaratory judgment action under the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*; the Lanham Act, 15 U.S.C. §§ 1114, 1125(a); and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* (Dkt. #17). On December 29, 2023, Plaintiff Bella Forrest Publishing, LLC ("Plaintiff") became the lawful owner of a comprehensive intellectual property portfolio consisting of over 170 books and derivative works, including the Bella Forrest and NightLight Press trademarks (collectively, the "Bella Forrest Assets") (Dkt. #17 at ¶¶ 10, 11, 14). There is a chain of title documenting each assignment of the Bella Forrest Assets, beginning with the original owner: Hot Pancakes, Ltd. ("HPL") (Dkt. #17 at ¶¶ 12, 15).

Defendant Amber Murphy ("Defendant") is a citizen of the United Kingdom and does not reside in the United States (Dkt. #17 at ¶¶ 2, 8). Defendant originally established HPL as a publishing house for the Bella Forrest Assets, which she authored (Dkt. #22 at p. 1). Defendant no

longer controls HPL and has been entangled in litigation all around the world regarding HPL's purportedly unlawful assignment of the Bella Forrest Assets (Dkt. #22-1 at ¶¶ 10, 18).

The following facts relate to jurisdiction and venue. Plaintiff alleges, based on information and belief, that Defendant has personally targeted Texas residents by offering and facilitating sales of the Bella Forrest Assets through Amazon without Plaintiff's authority (Dkt. #17 at ¶ 6; Dkt. #17-13). Plaintiff further alleges Defendant threatened Plaintiff with legal action in U.S. courts to prevent Plaintiff from monetizing the Bella Forrest Assets (Dkt. #17 at ¶ 7; Dkt. #17-12; Dkt. #24-3). In contrast, Defendant alleges she has no connection with the United States, much less Texas (Dkt. #22 at p. 2; Dkt. #22-1 at ¶¶ 28–30). Specifically, Defendant argues she has never personally contracted with any United States entity, including Amazon, to sell any products or services related to the Bella Forrest Assets (Dkt. #22 at p. 9; Dkt. #22-1 at ¶¶ 28–30). Further, Defendant has never received payments from any United States platform for selling the Bella Forrest Assets in her individual capacity (Dkt. #22 at p. 9; Dkt. #22-1 at ¶ 29).

On March 28, 2025, Defendant filed this Motion (Dkt. #22). On April 11, 2025, Plaintiff filed its Response (Dkt. #24). On April 18, 2025, Defendant filed her Reply (Dkt. #25). On August 7, 2025, Plaintiff filed its Unopposed Motion for Hearing on Defendant's Motion (Dkt. #30). The Court set a hearing on Defendant's Motion, which occurred on November 7, 2025 (Dkt. #33). The Motion is now ripe for adjudication.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. FED. R. CIV. P. 12(b)(2). After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to

establish that in personam jurisdiction exists. *Bullion v. Gillespie*, 895 F.2d 213, 216–17 (5th Cir. 1990) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)).

To satisfy that burden, the party seeking to invoke the court's jurisdiction must "present sufficient facts as to make out only a prima facie case supporting jurisdiction," if a court rules on a motion without an evidentiary hearing. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). When considering the motion to dismiss, "[a]llegations in [a] plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits." *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 282–83 n.13 (5th Cir. 1982)); *accord Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977). Further, "[a]ny genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the purposes of determining whether a prima facie case exists." *Id.* (citing *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992)). However, if a court holds an evidentiary hearing, a plaintiff "must establish jurisdiction by a preponderance of the admissible evidence." *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 585 (5th Cir. 2014) (citing *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241–42 (5th Cir. 2008)).

A court conducts a two-step inquiry when a defendant challenges personal jurisdiction. *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). First, absent a controlling federal statute regarding service of process, the court must determine whether the forum state's long-arm statute confers personal jurisdiction over the defendant. *Id.* And second, the court establishes whether the exercise of jurisdiction is consistent with due process under the United States Constitution. *Id.*

The Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution. *Command-Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992). Therefore, the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees. *Bullion*, 895 F.2d at 216. The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

General jurisdiction exists only when the defendant's contacts with the forum state are so "'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (citing *Helicopteros Nacionales de Colum., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). Substantial, continuous and systematic contact with a forum is a difficult standard to meet and requires extensive contacts between a defendant and the forum. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed." *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1992) (citation omitted). However, "vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Johnston*, 523 F.3d at 610 (citing *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 596 (5th Cir. 1999)).

Specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state. *Helicopteros*, 466 U.S. at 414 n.8. For the court to exercise specific jurisdiction, the court must determine "(1) whether the defendant has . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

Defendants who "reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other State for the consequences of their actions." *Burger King Corp.*, 471 U.S. at 473 (citation modified) (citing *Travelers Health Ass'n v. Virginia*, 339 U.S. 643, 647 (1950)). Establishing a defendant's minimum contacts with the forum state requires contacts that are more than "random, fortuitous, or attenuated[] . . . or of the unilateral activity of another party or third person." *Id*. at 475 (citation modified).

"If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). In this inquiry, the court examines five factors: (1) the burden on the nonresident defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief; (4) the interest of the interstate judicial system in the efficient administration of justice; and (5) the shared interest of the several states in furthering fundamental social policies. *Burger King*, 471 U.S. at 477. "[I]t is rare to say the assertion of jurisdiction is unfair

after minimum contacts have been shown." *McFadin v. Gerber*, 587 F.3d 753, 759–60 (5th Cir. 2009) (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)).

## ANALYSIS

Defendant urges the Court to dismiss Plaintiff's claims under Rule 12(b)(2) because the Court lacks personal jurisdiction over Defendant (Dkt. #22 at pp. 9-19). In the alternative, Defendant asks the Court to dismiss the case on other grounds, including forum non conveniens and for failure to state plausible claims for trademark infringement or false designation of origin under Rule 12(b)(6) (Dkt. #22 at pp. 19–24).

### I.     Rule 12(b)(2) Motion to Dismiss

The Court will begin by addressing Defendant's Rule 12(b)(2) Motion for lack of personal jurisdiction under Rule 4(k)(2). The Court agrees with Defendant's analysis that by invoking Rule 4(k)(2) as the basis for the Court's exercise of personal jurisdiction over Defendant, Plaintiff should not have alleged Defendant has sufficient minimum contacts with Texas, specifically. Instead of the traditional general and specific personal jurisdiction analysis unique to the forum state:

> Rule 4(k)(2) provides for service of process and personal jurisdiction in any district court for cases arising under federal law where the defendant has contacts with the United States as a whole sufficient to satisfy due process concerns and the defendant is not subject to jurisdiction in any particular state.

*Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 650 (5th Cir. 2004).

As such, the Fifth Circuit has outlined that Rule (4)(k) requires that the following three conditions be satisfied to establish personal jurisdiction over a nonresident defendant: (1) Plaintiff's claims arise under Federal law; (2) Defendant is not subject to the general jurisdiction of any other state; and (3) the exercise of jurisdiction is consistent with the Constitution and laws

of the United States. *DISH Network, L.L.C. v. Elahmad*, No. 23-20180, 2024 WL 1008585, at *2 (5th Cir. Mar. 8, 2024).

Here, Plaintiff has established the first condition by asserting its trademark infringement or false designation of origin claims under the Lanham Act (Dkt. #17 at ¶¶ 40–54). Plaintiff has established the second condition because Defendant does not assert she is subject to the jurisdiction of any state (Dkt. #22 at p. 12). *See Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 499 (5th Cir. 2018) ("[Defendant] had to affirmatively establish that the court lacked personal jurisdiction under 4(k)(2) because there was a state where its courts of general jurisdiction could properly exercise jurisdiction over it. [Defendant] did nothing of the kind."). Whether Plaintiff has established the last condition is contested.

Plaintiff relies on specific personal jurisdiction to establish the last condition—that the exercise of jurisdiction is consistent with the Constitution and laws of the United States. *Adams*, 364 F.3d at 646. Under Rule 4(k)(2), Plaintiff must show that Defendant has "purposefully availed [herself] of the privilege of conducting activities" in the United States, as a whole. *Elahmad*, 2024 WL 1008585, at *2 (citation modified) (citing *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021)). Defendant's contacts with the United States "must be [her] own choice and not random, isolated, or fortuitous. They must show that [she] deliberately reached out beyond [her] home—by, for example, exploiting a market in the forum State or entering a contractual relationship centered there." *Ford Motor Co.*, 592 U.S. at 359 (citation modified). Further, Plaintiff's claims against Defendant must "arise out of or relate to" those contacts. *Id.* Finally, Plaintiff must show that "exercising our jurisdiction would be 'fair and reasonable' to

[Defendant]." *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 317–18 (5th Cir. 2021) (citation modified).

Again, because Defendant, a non-resident, filed the instant Motion for lack of personal jurisdiction, it is Plaintiff's burden to make out a prima facie case supporting jurisdiction. *Bullion*, 895 F.2d at 216–17; *Alpine View Co.*, 205 F.3d at 215. Thus, it is Plaintiff's burden to establish Defendant has sufficient ties to the United States as a whole and that its claims against Defendant "arise out of or relate to" those ties. *Adams*, 364 F.3d at 651; *Ford Motor Co.*, 592 U.S. at 359. Plaintiff points to two categories of evidence that purportedly establish Defendant's ties to the United States: (a) Defendant's alleged infringing activity on Amazon to offer and facilitate the sales of the Bella Forrest Assets without Plaintiff's authority (Dkt. #17 at ¶ 6; Dkt. #17-13); and (b) Defendant's threats to take legal action against Plaintiff, including multiple communications asserting her rightful ownership of the Bella Forrest Assets and offering payment for their transfer (Dkt. #17-12; Dkt. #24-3). The Court addresses each category in turn.

### A.    Defendant's purported infringing activity on Amazon is insufficient to establish U.S. ties.

The Court will first consider whether Defendant purposefully availed herself of the privilege of conducting activities in the United States—here, Defendant's purported infringing activity on Amazon (Dkt. #24-2 at ¶ 9).

Jeffrey Kemmer ("Kemmer"), one of Plaintiff's managing members, declared that "a party identifying publicly as 'Bella Forrest' and 'Bella S. Forrest' had posted books for sale on Amazon.com" belonging to the Bella Forrest Assets (Dkt. #24-2 at ¶ 8; Dkt. #17-13). Kemmer continues that he "believes that Defendant [] is responsible for these infringing activities," in part, because Defendant has specifically stated the following: (1) "I am confident that the sale of these

8

books can be revived," (2) "It will take time and effort but basically needs restarting with Amazon," (3) "I already have the experience of building a readership from scratch," (4) "My plan has been to recover the rights, and either revive the sales myself or sell them," and (5) "I am confident the sales can be revived with reasonable effort" (Dkt. #24-2 at ¶ 8; Dkt. #24-5; Dkt. #17-13). Plaintiff also directs the Court to Defendant's Declaration that she is the "beneficial owner of HPL," and to Defendant's email stating, "[a]s you may be aware, HPL's tens of millions of dollars came from Amazon" (Dkt. #24-5 at p. 1; Dkt. #22-1). Plaintiff alleges Defendant's series of statements are sufficient evidence to suggest she is responsible for the unauthorized selling of the Bella Forrest Assets on U.S.-based e-commerce platforms, like Amazon; as such, Defendant's infringing activity on Amazon is sufficient to establish Defendant's ties to the U.S. that give rise to Plaintiff's claims (Dkt. #17-13; Dkt. #24 at pp. 8–10).

In contrast, Defendant has controverted Plaintiff's allegations and declared she has done nothing to direct her actions towards the United States or purposefully availed herself of the privilege of conducting activities in the United States (Dkt. #22-1 at ¶¶ 28–30). Specifically, Defendant states she "has never personally contracted with any entity in the United States to sell any products or services," (Dkt. #22-1 at ¶ 28) and she did not "create, sell, or market" any of Bella Forrest Assets found in the Amazon listings Plaintiff attaches to its complaint to support its claims under the Lanham Act (Dkt. #22-1 at ¶ 30; Dkt. #17-13). Defendant further declares "all proceeds from the sale of Bella Forrest printed books, ebooks, and audiobooks from the abovementioned selling platforms (Amazon.com, Audible, etc.) were deposited into HPL bank accounts" (Dkt. #22-1 at ¶ 29). Lastly, Defendant has "never personally directly received payment from these selling platforms for Bella Forrest printed books, e-books, or audiobooks at all" (Dkt. #22-1 at ¶ 29).

9

Based on her declarations, Defendant argues that Plaintiff attempts to impute HPL's infringing activity on Amazon to Defendant as the basis for its personal jurisdiction argument (Dkt. #22 at p. 15). The Court agrees.

"[T]he analysis applicable to a case involving jurisdiction based on the Internet . . . should not be different at its most basic level from any other personal jurisdiction case." *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 226–27 (5th Cir. 2012). "[T]he general rule is that jurisdiction over an individual cannot be predicated upon jurisdiction over a corporation," and the only exception exists "when the corporation is the alter ego of the individual." *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985). Here, Defendant no longer controls HPL and has been entangled in litigation outside of the United States regarding HPL's purportedly unlawful assignment of the Bella Forrest Assets without Defendant's authority (Dkt. #22-1 at ¶¶ 10, 18). Plaintiff has not shown the Court that the infringing activity on Amazon is being orchestrated by Defendant's personal conduct nor has Plaintiff alleged HPL is an alter ego of Defendant (Dkt. #17; Dkt. #24). Lastly, the Court is not convinced that Defendant's statements regarding her *future* plans to restart or revive the sales of the Bella Forrest Assets, if they are transferred, is sufficient evidence to connect the infringing activity to Defendant or serve as evidence of her deliberate contacts with the United States giving rise to Plaintiff's claims (Dkt. #24-5; Dkt. #17-13).

For these reasons, the Court finds the purported infringing activity on Amazon is insufficient to establish personal jurisdiction over Defendant.

  **B.** **Defendant's legal threats are insufficient to establish U.S. ties.**

The Court will next consider whether Defendant purposefully availed herself of the privilege of conducting activities in the United States because she "inserted herself into the heart of a U.S.-based intellectual property dispute" (Dkt. #24 at pp. 9–10; Dkt. #24-2; Dkt. #24-3;

Dkt. #24-4; Dkt. #24-5). To support this allegation, Plaintiff points to email correspondence from Defendant demanding the transfer of certain Bella Forrest Assets for payment (Dkt. #24-5). Defendant encouraged Plaintiff to take this offer to rid itself of the "current exposure to legal risk, which is substantial" and argued this transfer would protect Plaintiff from a "complete loss" given the "fraudulent nature of this matter" (Dkt. #17-12; Dkt. #24-5).

Legal threats, "whether through cease-and-desist letters or telephone conversations, are simply not enough, on their own, to justify the court's exercise of personal jurisdiction over the defendant." *Envision Gaming Techs., Inc. v. Infinity Grp., Inc.*, No. CIV.A. 3:05-CV-0902-L, 2006 WL 2623929, at *5 (N.D. Tex. Sept. 12, 2006) (citing *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1202 (Fed. Cir. 2003); *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1357-58 (Fed. Cir. 1998)). In line with this analysis, the Court has previously held that a threat of litigation, which is similar in nature to a cease-and-desist letter, does not create a basis for exercising personal jurisdiction over an out-of-state defendant. *Dall. Texans Soccer Club v. Major League Soccer Players Union*, 247 F. Supp. 3d 784, 790–791 (E.D. Tex. 2017).

Here, Defendant's demand that Plaintiff transfer the Bella Forrest Assets to her for payment and settlement of any potential legal risk, alone, is insufficient to establish Defendant's ties to the United States and thus, insufficient to establish personal jurisdiction over Defendant (Dkt. #17-12; Dkt. #24-5). Accordingly, because the infringing activity on Amazon directed by and for the benefit of HPL cannot be imputed on Defendant and her legal demands regarding the disputed Bella Forrest Assets alone are insufficient to establish her U.S. ties, the Court concludes that Plaintiff, at this point, has not met its burden of proving a prima facie case of personal jurisdiction over Defendant.

## II.    Alternative Grounds for the Motion to Dismiss

Having determined the Court lacks personal jurisdiction over Defendant, the Court need not consider Defendant's remaining arguments for dismissal under forum non conveniens grounds and Rule 12(b)(6).

## CONCLUSION

It is therefore **ORDERED** that Defendant Amber Murphy's Motion to Dismiss (Dkt. #22) is hereby **GRANTED** and the case is hereby **DISMISSED** without prejudice.

It is further **ORDERED** that all pending motions not previously addressed by the Court are **DENIED** as moot, and the Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED.**

SIGNED this 17th day of November, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE